UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Trent P. Fisher Enterprises, LLC,** *et al.*,

    *Plaintiffs,*

v.                                                                                                 Case No. 3:20-cv-216
                                                                                                 Judge Thomas M. Rose

**SAS Automation, LLC,** *et al.*,

    *Defendants.*

---

**ENTRY AND ORDER GRANTING MOTION TO STRIKE. DOC. 89.**

---

"An average lawyer makes simple events complicated, but great trial lawyers make complex events simple."[1]

Pending before the Court is Motion to Strike Sealed Motion, doc. 83, Sealed Motion, doc. 84, and Sealed Motion, doc. 85. Therein, Defendants Piab AB, Piab USA, Inc., and SAS Automation, LLC, request that the Court strike Plaintiffs' motions for exceeding page limitations.

Local Rule 7.2 limits motions to twenty pages without leave of Court. On January 23, 2023, the parties filed Joint Motion for Leave to File Excess Pages. Doc. 57. Therein the parties requested permission to file memoranda in support of summary judgment not to exceed 30 pages.

---

[1] *Eight Traits of Great Trial Lawyers: A Federal Judge's View on How to Shed the Moniker "I am a Litigator,"* Judge Mark W. Bennett, THE REVIEW OF LITIGATION, Vol. 33:1, 1 at 9.

For decades this judge generously allowed excess pages. Over those decades, what was observed was that not once was a party well served by representation unable to focus its argument. This is particularly true in the context of the standard motion for summary judgment which need only say: The opposing party lacks evidence to prove these essential elements of their claim or defense. Why this should require even 20 pages is a mystery.

Believing the parties intended to file one motion for summary judgment each, the Court allowed motions of 25 pages. Doc. 61. Plaintiffs filed three motions. Docket entries 83 and 85 "incorporate by reference," the "Factual Background" section from Docket entry 84. (PageID 5898, 5970.) Allowing litigants to adopt other filings provides an effective means of circumventing the page limitations on briefs set forth in the rules, and unnecessarily complicate the task of a judge. *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) (citations omitted).

The decision whether to apply a Local Rule strictly, or to overlook any transgressions, is one left to the trial court's discretion. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995). Generally, the civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Speed is not an option here, as the Court must either strike Plaintiffs multiple filings, or grant an anticipated request to release a similar deluge of paper by Defendants. Given these choices, the Court will **STRIKE** Plaintiffs' filings. Plaintiffs are **GRANTED** until February 24, 2023, to refile one motion for summary judgment not to exceed 30 pages in length.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, February 10, 2023.

          s/Thomas M. Rose

—————————————————————
          THOMAS M. ROSE
    UNITED STATES DISTRICT JUDGE